[Civ. No. 9516.   Third Dist.   May 19, 1959.]

A. W. HOLTMAN, Respondent, v. OPAL LEDFORD et al., Defendants; NORMAN E. THOMPSON, Appellant.

Gray & Hewitt and E. L. Gray for Appellant.

Victor L. Huber for Respondent.

PEEK, J.—This is an appeal by defendant from a judgment in favor of plaintiff on a promissory note.

The defendant owned an equity in a G.M.C. tractor and a logging trailer which he had previously purchased from the plaintiff. A bank held an installment note secured by a chattel mortgage on both vehicles which were signed by the defendant alone. Subsequently the defendant sold the tractor and trailer to one O. T. Ledford. A new note and chattel mortgage were drawn and signed by Ledford, his wife, and the defendant. Plaintiff signed the new note and mortgage as guarantor, and the old note and mortgage were cancelled by the bank as paid in full. Ownership of the vehicles was transferred to Ledford, as was the policy of insurance covering the same.

Shortly thereafter Ledford was involved in a collision which resulted in his death and in extensive damage to the tractor. At that time only one payment had been made on the note. Apparently on the authorization of Mrs. Ledford bids were taken for repairs, and the job was awarded to a Sacramento firm. Following the completion of repairs, demand was made upon defendant for payment of the $500-deductible and also for payments then in default on the note. Receiving no reply from defendant, the plaintiff paid the deductible and took possession of the tractor, bringing it to his Marysville shop. He also took the trailer which had been left in the open and had been stripped of its tires and wheels. He made extensive repairs to both the tractor and trailer to put them in salable condition. He also paid off the note and mortgage to the bank and subsequently sold the outfit. Thereafter he instituted the present action to recover the deficiency due on the note following the sale.

Defendant's primary contention is that he was a surety and hence had a valid defense under the provisions of Civil Code, section 2845, which reads: "A surety may require his creditor to proceed against the principal, or to pursue any other remedy

in his power which the surety can not himself pursue, and which would lighten his burden; and if in such case the creditor neglects to do so, the surety is exonerated to the extent to which he is thereby prejudiced.'' His argument in support of such contention is predicated upon acts which he testified he took; that is, he requested the bank to apply the insurance against the indebtedness and to let him sell the damaged truck and trailer and pay the bank the difference. Much of his testimony in this regard was either contradicted or was stated to have occurred after the vehicles had been repaired.

Whether or not the defense set forth in said section was available to defendant was necessarily dependent on whether or not he was a surety, which question in turn was one of fact for the trial court. Upon the question so presented, the trial court specifically found that defendant signed the note as a maker and not as a surety.

█ It must be conceded that defendant signed the note together with the Ledfords. Thus, at the outset he is confronted with the presumption that where, as here, one signs a note with others as maker, '' '. . . it will be presumed that they are comakers, and liable as such, and not as principal and surety.' '' (*Estate of Chamberlain*, 44 Cal.App.2d 193, 200 [112 P.2d 53, 934].) █ The record further shows that defendant received $1,000 as consideration for the sale and for signing the note. He also received a further direct benefit from that act in that he was thereby released from sole liability on the original note and in effect substituted therefor a joint and several obligation with two other makers. Additionally there was testimony from a bank officer that had there been any suggestion that defendant was to have signed as a surety, an entirely different document would have been used. It follows that the finding of the trial court that defendant signed as maker and not as surety is amply supported by the record.

Defendant, however, contends in effect that even if he cannot be considered as a surety, he was an accommodation maker and hence entitled to all defenses of suretyship. Under the facts of this case it would appear to be unnecessary to determine whether or not suretyship defenses are available to an accommodation maker. There can be no doubt that defendant did receive value for signing the note. █ Furthermore, at the trial his counsel specifically stated, and properly so, that such defense would not be urged since the defense of accommodation maker is not available to one who has received value.

(Civ. Code, § 3110; *Estate of Chamberlain, supra,* at p. 201. See also *Williams* v. *Reed,* 48 Cal.2d 57, 64 [307 P.2d 353].)
The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.